

Louis N. Rainone
Craig J. Coughlin*
David L. Minchello
Carol A. Berlen
John F. Gillick
Brian P. Trelease*
Walter D. Denson
Claudia L. Marchese
* Also admitted in New York

Anne E. Rowan
Ruben D. Perez*
Matthew R. Tavares*
Jeremy M. Brooks

Writer's Direct:
btrelease@NJRCMLaw.com

September 12, 2019

**VIA ECF**
Clerk
United States District Court of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 E State St Office, Room 2020
Trenton, NJ 08608

    Re:  **John Van Dyk v. City of Long Branch, et. al.
Civil Action No.: 3:19-cv-16409-MAS-LHG
Our File No.: 77-0012**

Dear Sir or Madam:

Please be advised that this law firm represents Defendants, City of Long Branch and Chief Jason Roebuck in the above-referenced matter. Enclosed please for electronic filing the following documents:

    1) Answer to Complaint; and
    2) Certification of Service.

Thank you.

Respectfully submitted,

**RAINONE COUGHLIN MINCHELLO, LLC**

By: /s/Brian P. Trelease
      Brian P. Trelease, Esq.

BPT/ua

cc:  Lois H. Goodman, U.S.M.J. – (Via ECF and Lawyers Service)
     John Van Dyk – (Via Certified Mail and Regular Mail)

Brian P. Trelease, Esq. - (#021352009)
**RAINONE COUGHLIN MINCHELLO, LLC**
555 U.S. Highway 1 South, Suite 440
Iselin, NJ 08830
Tel: (732) 709-4182
Fax: (732) 791-1555
*Attorneys for Defendants, City of Long Branch and Jason Roebuck*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN VAN DYK,<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF LONG BRANCH, CHIEF JASON ROEBUCK, AND JOHN DOE ONE<br><br>Defendant(s). | Civil Action No:<br>3:19-cv-16409-MAS-LHG<br><br>**ANSWER, SEPARATE DEFENSES, RESERVATION OF RIGHTS, DEMAND FOR DISCOVERY, JURY DEMAND, AND DESIGNATION OF TRIAL COUNSEL** |

Defendants, City of Long Branch and Jason Roebuck, with their principal offices located at 344 Broadway, Long Branch, NJ 07740, by way of Answer to Plaintiff's Complaint, hereby says:

**PRELIMINARY STATEMENT**

1. Admitted to the extent that Plaintiff asserts causes of action against Defendants on the basis of 42 U.S.C 1983 and the New Jersey Civil Rights Act; denied as to the remainder of the allegations contained in this paragraph.

1

## THE PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph two and leaves Plaintiff to his proofs.

3. Admitted.

4. Admitted that Defendant, Jason Roebuck, is the Chief of Police for the City of Long Branch. Denied as to the remainder of the allegations contained in this paragraph.

5. The allegation contained in this paragraph does not pertain to these Defendants; therefore, no answer is warranted.

## JURISDICTION AND VENUE

6. Plaintiff inadvertently omitted paragraph six, therefore no response is required.

7. The allegations contained in this paragraph calls for a legal conclusion for which no answer is warranted on the part of these defendants.

8. The allegations contained in paragraph eight calls for a legal conclusion for which no answer is warranted on the part of these defendants.

## FACTS GIVING RISE TO LIABILITY

9. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph nine and leaves Plaintiff to his proofs.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph ten and leaves Plaintiff to his proofs.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph eleven and leaves Plaintiff to his proofs.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph twelve and leaves Plaintiff to his proofs.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph thirteen and leaves Plaintiff to his proofs.

## AS TO "COUNT ONE"

### (VIOLATION OF PLAINTIFF'S FREE SPEECH RIGHTS UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION)

14. The allegations contained in this paragraph call for a legal conclusion for which no answer is warranted on the part of these defendants.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

**WHEREFORE,** these Defendants demand judgment dismissing Plaintiff's Complaint with prejudice and awarding these Defendants

costs and disbursements, including reasonable attorney's fees, and such other relief as the Court may deem equitable and just.

## AS TO "COUNT TWO"

### (VIOLATION OF PLAINTIFF'S FREE SPEECH RIGHTS UNDER THE NEW JERSEY STATE CONSTITUTION)

19. The allegations contained in this paragraph call for a legal conclusion for which no answer is warranted on the part of these defendants.

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

**WHEREFORE,** these Defendants demand judgment dismissing Plaintiff's Complaint with prejudice and awarding these Defendants costs and disbursements, including reasonable attorney's fees, and such other relief as the Court may deem equitable and just.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint herein fails to state a claim upon which relief can be granted, and these Defendants reserve the right to move at or before the time of trial to dismiss same.

### SECOND SEPARATE DEFENSE

The Complaint fails to state a claim upon which declaratory relief may be granted.

4

### THIRD SEPARATE DEFENSE

The Complaint fails to state a claim upon which any award of monetary damages may be granted.

### FOURTH SEPARATE DEFENSE

The Complaint fails to state a claim upon which any award of punitive damages may be granted.

### FIFTH SEPARATE DEFENSE

Plaintiff's Complaint constitutes a frivolous action pursuant to N.J.S.A. 2A:15-59.1 and Fed. R. Civ. P. 11.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted in accordance with all applicable laws of the State of New Jersey and the United States of America.

### SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith and with reasonable and probable cause based on the existing circumstances.

### EIGHTH SEPARATE DEFENSE

Defendants did not engage in any conduct proscribed by the United States Constitution.

### NINTH SEPARATE DEFENSE

Defendant did not engage in any conduct in violation of the Constitution of the State of New Jersey.

### TENTH SEPARATE DEFENSE

Plaintiff has failed to exhaust administrative remedies.

### ELEVENTH SEPARATE DEFENSE

Defendant did not engage in any conduct that would constitute a wrongful, intentional act.

### TWELFTH SEPARATE DEFENSE

Plaintiff's damages, if any, are wholly attributable to the wrongful acts, omissions, or conduct of Plaintiff.

### THIRTEENTH SEPARATE DEFENSE

Any action or inaction on the part of these Defendants are the result of the exercise of judgment, discretion, or executive function vested in these Defendants for which no liability may be imposed.

### FOURTEENTH SEPARATE DEFENSE

These Defendants are immune from liability in this action as any action of these Defendants was in good faith in the execution or enforcement of law.

### FIFTEENTH SEPARATE DEFENSE

These Defendants have absolute and/or Qualified Immunity as to the conduct alleged.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff's Complaint is barred in part by Heck v. Humphrey, 512 U.S. 477 (1994).

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### EIGHTEENTH SEPARATE DEFENSE

Defendants did not participate in any conspiracy to deny plaintiff of any right or privilege as a citizen of the United States.

### NINETEENTH SEPARATE DEFENSE

The claims alleged are barred, in whole or in part, by wrongdoing on the part of the plaintiff that would otherwise justify the actions taken.

### TWENTIETH SEPARATE DEFENSE

Plaintiff's injuries do not meet the threshold set forth in the New Jersey Tort Claims Act, and therefore Defendants are immune from liability pursuant to N.J.S.A. 59:9-1, et seq.

### TWENTY-FIRST SEPARATE DEFENSE

Any recoveries to which plaintiff might be entitled against these Answering Defendants are subject to the limitations on damages provided by N.J.S.A. 59:9-1 and any award must be reduced in accordance with same.

### TWENTY-SECOND SEPARATE DEFENSE

Answering Defendants' liability, if any, must be reduced by the amount of any payment received by the plaintiff by way of

settlement or judgment from any other tortfeasor by virtue of N.J.S.A. 59:9-3.

### TWENTY-THIRD SEPARATE DEFENSE

Defendants are entitled to immunity in accordance with the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

### TWENTY-FOURTH SEPARATE DEFENSE

Defendant reserves the right to assert additional defenses based upon facts learned during the course of discovery.

### TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff failed to comply with the conditions precedent for making claims against these Answering Defendants by not filing the claims in the manner and within the time provided by N.J.S.A. 59:8-3, 59:8-4, 59:8-5, 59:8-6, 59:8-7, and 59:8-8, and are barred from now making such claims.

### TWENTY-SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel, waiver, and entire controversy.

### TWENTY-SEVENTH SEPARATE DEFENSE

Answering Defendants acted at all times reasonably, with good faith, and without any malice.

### TWENTY-EIGHTH SEPARATE DEFENSE

Plaintiff is not entitled to punitive damages or attorney's fees.

### TWENTY-EIGHTH SEPARATE DEFENSE

Plaintiff failed to mitigate damages.

### TWENTY-NINTH SEPARATE DEFENSE

At no time did these Defendants engage or assist in an unlawful, custom, practice, or policy.

### THIRTIETH SEPARATE DEFENSE

Plaintiff has not been deprived of any rights, guarantees under the constitutional laws of the United States by the alleged acts or omissions by these Defendants.

**WHEREFORE,** these Defendants demand judgment dismissing Plaintiff's Complaint with prejudice and awarding these Defendants costs and disbursements, including reasonable attorney's fees, and such other relief as the Court may deem equitable and just.

### RESERVATION OF RIGHTS

These answering Defendants reserve the right, at or before trial, to move to dismiss the Complaint and/or for summary judgment, on the ground that the Complaint fails to state a claim upon which relief can be granted, that the allegations within the complaint are frivolous and/or the Defendant is entitled to judgment as a matter of law, based on any or all of the above defenses.

### NOTICE PURSUANT TO FED.R.CIV.P.5

TAKE NOTICE that pursuant to the above-cited Rules of Court, that each party herein deriving or receiving pleadings, deposition

9

transcripts, discovery requests, interrogatories, correspondence and other documents within the scope of Fed.R.Civ.P. 5, is hereby requested to serve same upon the undersigned attorney, whether or not they were received or served prior to or after the filing date of this Answer.

### DEMAND FOR DISCOVERY

These answering Defendants hereby demands that Plaintiff provide Rule 26 disclosures as required by the Rules of Court.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants hereby demand a trial by jury as to all counts within this complaint with regard to all triable issues.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of the Rules of Court, the Court is advised that Brian P. Trelease, Esq. is hereby designated as trial counsel for Defendant.

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

The undersigned counsel hereby certifies that the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding and that, to the best of counsel's knowledge, there is no other party who should be joined in this action.

**RAINONE COUGHLIN MINCHELLO, LLC**
*Attorneys for Defendants, City of Long Branch and Jason Roebuck*

Dated: September 12, 2019

By: /s/Brian P. Trelease
    Brian P. Trelease, Esq.

Brian P. Trelease, Esq. - (ID# 021352009)
**RAINONE COUGHLIN MINCHELLO, LLC**
555 U.S. Highway 1 South, Suite 440
Woodbridge, NJ 07095
Tel.: (732) 709-4182
Fax: (732) 791-1555
*Attorneys for Defendants, City of Long Branch and Chief Jason Roebuck*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN VAN DYK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF LONG BRANCH, CHIEF JASON ROEBUCK, AND JOHN DOE ONE,<br><br>　　　　Defendants. | Civil Action No.:<br>3:19-cv-16409-MAS-LHG<br><br>**CERTIFICATION OF SERVICE** |

I, **MARIA VARGAS**, being of full age, hereby certify as follows:

1. I am not a party to this proceeding and am employed as a paralegal with the law firm of Rainone Coughlin Minchello, LLC, attorneys for the Defendants, City of Long Branch and Chief Jason Roebuck, in the above-captioned action.

2. On September 12, 2019, I caused an electronic copy to be delivered via ECF to the Clerk of the United States District Court, District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 E State St Office, Room 2020, Trenton, NJ 08608the following documents:

1) Answer to Complaint; and
2) Certification of Service.

In addition, I caused a copy of the above documents to be delivered via Certified Mail R/R/R and Regular Mail to the following address:

> John Van Dyk
> P.O. Box 290
> Allenwood, NJ 08720

I certify that the foregoing statements made by me are true, I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: /s/ Maria A. Vargas
Maria Vargas

Dated: September 12, 2019